IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

NATHANIEL SHOATE,

        Plaintiff,        Case No.

v.        Judge

MADISON COUNTY, TENNESSEE        JURY DEMAND

        Defendant.
_____/

## COMPLAINT

Defendant Madison County in the Madison County Sheriff's Department ("MCSD") has a pattern and practice of passing over African American officers for promotion. Plaintiff, Nathaniel Shoate, has repeatedly been passed over for promotion based on his race. Although MCSD has a policy and procedure which purports to outline a method for determining the qualified candidate for promotion utilizing both subjective and objective criteria, the procedure has a disparate impact on Minority Officers. Moreover, Investigator Shoate was subjected to intentional discrimination because of his race in discipline and the promotional process. Finally, in order to apply for promotion, MCSD interfered with Inv. Shoate's FMLA rights and retaliated against him for taking FMLA. Defendant violated Inv. Shoate's civil and statutory rights, under the Tennessee Human Rights Act, Title VII, 42 U.S.C. § 1981 and the Family Medical Leave Act.

## PARTIES

1. Plaintiff, Nathaniel Shoate is a citizen and resident of Madison County, Tennessee, and a current employee of Defendant Madison County.

2. Defendant the Madison County is a Tennessee governmental entity organized and

existing under the laws of the State of Tennessee. At all relevant times, Madison County employed Plaintiff.

## JURISDICTION, VENUE, PRE-SUIT FILING REQUIREMENTS

3. This is an action for unlawful employment practices of discrimination on the basis of race and race in violation of the Tennessee Human Rights Act, T.C.A. § 4-21-101 *et seq.* ("THRA") (Count I, III); discrimination on the basis of race in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et. seq.* (Count II, IV); and interference and retaliation under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA") (Count V).

4. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

5. At all times material to this action, based on information and belief, Defendant has employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2015 and/or 2016 and is an "employer" as defined by the FMLA, 29 U.S.C. § 2611(4)(A).

6. At all times material to this action, Plaintiff was an "eligible employee" under the FMLA pursuant to 29 U.S.C. § 2611(2) and 29 C.F.R. § 825.110.

7. Plaintiff complied with all conditions precedent to the filing of his claims pursuant to Title VII, to wit: a charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the unlawful employment practice; the Department of Justice issued Plaintiff a Notice of Right to Sue and this action was commenced within 90 days of receipt of the Notice of Right to Sue.

## FACTS

8. Nathaniel Shoate was hired in 2007 by Madison County Sheriff's Office (MCSD)

as a patrol officer.

9. Mr. Shoate is African American.

10. In 2008, Mr. Shoate was assigned to Metro Narcotics Unit ("MNU") as an Investigator, and he works in that position to date.

11. In the MNU, promotion to Sergeant had historically been made on the basis of seniority. The MNU is a relatively small unit that is a cooperative effort of the MCSD and the City of Jackson Police Department.

12. Due to his seniority, Inv. Shoate has served as supervisor in charge of the MCSD at the MNU. As a result of not only his seniority, but his experience serving as supervisor in charge, Inv. Shoate was told on multiple occasions by Lt. Chris Long, who was supervisor at MCSD's MNU, that he was "next in line" for the next supervisor (Sergeant) position at the MNU. There had not been an African American supervisor at MCSD's MNU during Sheriff John Mehr's tenure.[1] The only African American to be promoted under Sheriff Mehr was in the CID, MacArthur Brown, and again, contrary to protocol, the exam was opened to everyone. Other deputies who had applied withdrew to keep Brown from being passed over and because he was the only applicant, he was not required to take the exam.

13. In 2015, the MCSD adopted the Madison County Sheriff's Civil Service Law of 2015, which was subsequently amended in 2021. In §12( c) of the Act, "[p]romotion tests shall be available to all classified employees within that class who are eligible…(d) [a]ll tests shall be practical and shall consist only of subjects that will fairly determine the capacity of the person to perform the duties of the position in which the appointment is made."

---

[1] Sheriff Mehr lost his bid for re-election in 2022.

14. Inv. Shoate notified the MCSD that he had to take FMLA leave on October 1, 2021.[2]

15. Inv. Shoate took FMLA for his own serious health condition, which was caused, in part, by an unjust write-up by Lt. Long where department policy was not followed by Lt. Long, and as a result Inv. Shoate was unfairly and discriminatorily singled out.

16. Inv. Shoate was granted FMLA leave from October 1, 2021, to November 1, 2021.

17. Sometime in the fall of 2021, Lt. Long transferred to another position, but prior to that, the MNU had needed a supervisor for several years. Thus, when Long transferred, there was an open Lieutenant and Sergeant position.

18. Lt. Long's transfer was announced after Inv. Shoate had to take FMLA.

19. On October 4, 2021 (the next business day after Inv. Shoate began FMLA leave), a notice was posted for the Metro Narcotics Sergeant Promotion Assessment. The last date to submit a letter of interest for the position was Tuesday, October 12, 2021, at 0800 hours. The notice stated that the assessment would consist of three phases:

- Sergeant's Exam- 10% of the total score. Candidates were required to score 70% or higher on the exam to continue through the process.
- Oral Interview- 60% of the total score.
- Manager Review- 30% of the total score. Review of Personnel, Training and Disciplinary File.

20. Despite the notice being posted while he was on FMLA, Inv. Shoate submitted his letter of interest in a timely manner.

21. The exam was set for October 25, 2021.

---

[2] The erroneous write-up was eventually removed from Inv. Shoate's file.

22. Inv. Shoate, despite still struggling with health issues that precipitated his FMLA, had to get an early medical clearance from his physician to sit for the exam on October 25, 2021, which he did.

23. In part due to his ongoing health issues and inability to review material, Inv. Shoate scored 66% percent on the exam and thus, scoring less than 70%, he was not permitted to proceed to the oral interview or manager review, both of which were weighted greater than the test. Moreover, the test did not "fairly determine the capacity of the person to perform the duties of the position in which the appointment is made" because the test had no questions specific to the MNU position for which Inv. Shoat was applying. To the contrary, the questions were more generic and related, if anything, more to a Patrol Sergeant position.

24. Accordingly, the test favored employees who had more recent experience in Patrol, not experienced Investigators like Inv. Shoate.

25. Given the overwhelming difference in representation between African American Deputies and White Deputies at MCSD during the relevant time frame and taking into consideration that, upon information and belief, only one African American deputy was hired during Sheriff Mehr's tenure, 2014-2022; the testing requirement had a disparate impact on African American applicants for promotion at the MCSD.

26. Moreover, statistically, there had been no African American supervisor at the MNU since Inv. Shoate started in that unit in 2008, which is statistically significant.

27. A White Deputy, Paul Capps, received the Sergeant position that was posted in October 2021.

28. Paul Capps was hired by MCSD in 2016 and thus had 8 years less seniority than Inv. Shoate.

29. Inv. Shoate filed an EEOC charge on January 13, 2022. Defendant knew Plaintiff filed an EEOC charge.

30. Paul Capps is no longer the Sergeant in the MNU. MCSD has not filled the Sergeant position since Capps left that position. Upon information and belief, this refusal to re-open the position is retaliatory.

31. Defendant discriminated and retaliated against Inv. Shoate in violation of the THRA, Title VII, 42 U.S.C. § 1981 and the FMLA.

## Count I
## Race Discrimination – THRA
## Disparate Treatment & Disparate Impact

32. Plaintiff restates and incorporates herein the foregoing paragraphs.

33. Plaintiff was subject to disparate terms and conditions of employment based on his race.

34. Defendant's policy of requiring a minimum score on a test that was not related to the position Inv. Shoate applied for had and continues to have a disparate impact on the basis of race.

35. Under the THRA, employers may not discriminate against employees based on race.

36. Plaintiff was a qualified applicant for the promotion to sergeant. Defendant Madison County intentionally failed and refused to promote Plaintiff based on his race as a result of its promotional policy.

37. Additionally, Defendant's disparate treatment of Plaintiff with respect to discipline was because of race.

38. Defendant took adverse employment actions against Plaintiff in failing and refusing to promote him to sergeant. Defendant's actions violated the Tennessee Human Rights Act.

39. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

**Count II**
**Race Discrimination - Title VII**
**Disparate Treatment & Disparate Impact**

40. Plaintiff restates and incorporates herein the foregoing paragraphs.

41. Defendant's policy of requiring a minimum score on a test that was not related to the position Inv. Shoate applied for had a disparate impact on Shoate the basis of race.

42. Under the THRA, employers may not discriminate against employees based on race.

43. Plaintiff was a qualified applicant for the promotion to sergeant. Defendant Madison County intentionally failed and refused to promote Plaintiff based on his race and as a result of its promotional policy.

44. Additionally, Defendant's disparate treatment of Plaintiff with respect to discipline was because of race.

45. Defendant took adverse employment actions against Plaintiff in failing and refusing to promote him to sergeant. Defendant's actions violated Title VII.

46. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

**Count III**
**Retaliation - THRA**

47. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

48. Under the THRA, employers may not retaliate against employees who have engaged in protected conduct.

49. Defendant has refused to open the Sergeant position up for Plaintiff to re-apply in retaliation for his engaging in protected conduct of complaining of race discrimination and filing an EEOC charge.

50. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience, and lost earnings and benefits.

### Count IV
### Retaliation – Title VII

51. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

52. Under Title VII, employers may not retaliate against employees who have engaged in protected conduct.

53. Defendant has refused to open the Sergeant position up for Plaintiff to re-apply in retaliation for his engaging in protected conduct of complaining of race discrimination and filing an EEOC charge.

54. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience, and lost earnings and benefits.

### Count V
### Violation of FMLA- Interference and Retaliation

55. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

56. Plaintiff restates and incorporates herein the foregoing paragraphs.

57. At all times material to this action, Plaintiff was an eligible employee under the FMLA, 29 U.S.C. § 2611(2)(a)(i)(ii).

58. Defendant is an eligible employer under the FMLA, 29 U.S.C. § 2611(4)(A)(i).

59. Plaintiff was entitled to receive FMLA leave to care for his serious health condition.

60. Defendant interfered with and retaliated against Plaintiff after he requested FMLA, including but not limited to, requiring him to get released early by his physician so he could participate in the promotional assessment that Defendant was aware Plaintiff was going to apply for.

61. Plaintiff was entitled to receive FMLA leave.

62. Defendant's actions constitute retaliation and interference.

63. Defendant's conduct was a motivating factor in adverse employment actions against Plaintiff.

64. Defendant's conduct harmed and caused damage to Plaintiff.

65. As a result, Plaintiff is entitled to recover damages, including lost wages and benefits, liquidated damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

**Count VI**
**Race Discrimination – 42 U.S.C. §1981**

66. Plaintiff restates and incorporates herein the foregoing paragraphs.

67. Plaintiff was discriminated against on the basis of his race.

68. Plaintiff was subjected to unfounded discipline and denied a promotional opportunity because of his race.

69. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

## RELIEF REQUESTED

Mr. Shoate respectfully requests:

1. A jury trial;

2. Back pay and actual damages that he may have suffered;

3. Instatement to the Sergeant position or front pay;

4. Compensatory damages for embarrassment, humiliation, stress, anxiety, inconvenience, and loss of enjoyment of life;

5. Liquidated Damages:

6. Attorneys' fees and expenses;

7. Prejudgment interest and, if applicable, post-judgment interest; and

8. Such other and further legal or equitable relief to which he may be entitled under the law.

Respectfully submitted,

HMC Civil Rights Law, PLLC

*s/ Heather Moore Collins*
Heather Moore Collins (# 026099)
Ashley Shoemaker Walter (#037651)
Caroline Drinnon (#037016)

            7000 Executive Center Dr., Suite 320
            Brentwood, TN 37027
            615-724-1996
            615-691-7019 FAX
            heather@hmccivilrights.com
            caroline@hmccivilrights.com
            ashley@hmccivilrights.com

*Attorneys for Plaintiff*