IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISON

| | |
|---|---|
| NATHANIEL SHOATE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-01244 |
| ) | **Jury Demanded** |
| MADISON COUNTY, TENNESSEE, ) | |
| ) | |
| Defendants. ) | |

## ANSWER

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant Madison County, Tennessee ("the County") responds to the allegations of Plaintiff's Complaint as follows:

1. The County denies the allegations of the unnumbered paragraph preceding the first numbered paragraph on page 1.

2. The County admits the allegations of ¶¶ 1-2 of the Complaint.

3. In response to the allegations of ¶ 3 of the Complaint, the County acknowledges that Plaintiff Nathaniel Shoate ("Shoate") is bringing his Complaint under the statutes listed, but the County denies that it violated any of these statutes at any time and further denies that Shoate is entitled to any relief under any of the statutes listed.

4. In response to the allegations of ¶ 4 of the Complaint, the County admits that the Court has jurisdiction over Shoate's claims for which he has properly exhausted his administrative remedies and for claims that do not require Shoate to exhaust his administrative remedies and

which have been filed within the appropriate statute of limitations. To the extent that Shoate has not exhausted his administrative remedies or has brought claims outside the appropriate statute of limitations, the Court lacks jurisdiction over those claims. The Court should not grant supplemental jurisdiction over any state law claims. The County admits that this Court is the appropriate venue for Shoate's claims.

5. The County admits the allegations of ¶¶ 5-6 of the Complaint.

6. In response to allegations of ¶ 7 of the Complaint, the County admits that Shoate exhausted his administrative remedies for his Title VII race discrimination claim and timely filed the instant action after receiving a right-to-sue letter; however, the County denies that Shoate exhausted his administrative remedies for his Title VII retaliation claim. The County would show that any claims or allegations that are not consistent with Shoate's EEOC charge are not properly before the Court as Shoate has failed to exhaust his administrative remedies with regard to such claims or allegations.

7. The County admits the allegations of ¶¶ 8-10 of the Complaint.

8. The County denies the allegations of the first grammatical sentence of ¶ 11 of the Complaint. In response to the second grammatical sentence of ¶ 11 of the Complaint, the County admits that the Metro Narcotics Unit ("MNU") is a cooperative effort between the City of Jackson Police Department and the Madison County Sheriff's Department ("MCSD"); the County denies any remaining allegations of the second grammatical sentence of ¶ 11 of the Complaint.

9. The County denies the allegations of the first grammatical sentence of ¶ 12 of the Complaint. In response to the allegations of the second grammatical sentence of ¶ 12 of the Complaint, the County admits that Lt. Long supported Shoate for a promotion to a sergeant position in MNU and told Shoate that he supported him; however, there was never a sergeant position to fill during Lt. Long's time in MNU. The County denies any remaining allegations of

the second grammatical sentence of ¶ 12 of the Complaint. The County admits the allegations of the third grammatical sentence of ¶ 12 of the Complaint. The County denies the allegations of the fourth and fifth grammatical sentences of ¶ 12 of the Complaint.

10.     The County admits the allegations of the first grammatical sentence of ¶ 13 of the Complaint. In response to the second grammatical sentence of ¶ 13 of the Complaint, the County states that the Madison County Sheriff's Civil Service Law speaks for itself; however, the County notes that Shoate has combined two provisions of subsection 12 as one sentence, and the County would rely upon the full provision of Section 12(c) and (d).

11.     In response to the allegations of ¶ 14 of the Complaint, the County admits that, on or about October 4, 2021, Shoate provided a doctor's note requesting to be off work beginning October 1, 2021 and returning to work on November 1, 2021. The County denies any remaining allegations of ¶ 14 of the Complaint.

12.     In response to the allegations of ¶ 15 of the Complaint, the County admits that Shoate took FMLA leave, but the County denies all other allegations of ¶ 15 of the Complaint.

13.     The County admits the allegations of ¶ 16 of the Complaint.

14.     In response to the allegations of ¶ 17 of the Complaint, the County admits that in the fall of 2021 Lt. Long transferred to another position, but the County denies all other allegations of ¶ 17 of the Complaint.

15.     The County denies the allegations of ¶ 18 of the Complaint.

16.     In response to the allegations of ¶ 19 of the Complaint, the County admits that an information bulletin was posted on October 4, 2021 for a Metro Narcotics Sergeant Promotion Assessment and that the last date to submit a letter of interest to participate in the assessment process was October 12, 2021. The County further admits that the assessment consisted of three phases as follows:

- Sergeant's Exam – 10% of the total score. Candidates must score a 70% or higher on the exam to continue through the process.

- Oral Interview – 60% of the total score.

- Manager Review – (Review of Personnel, Training and Disciplinary files) 30% of the total score.

The County denies any remaining allegations of ¶ 19 of the Complaint.

17. In response to the allegations of ¶ 20 of the Complaint, the County admits that Shoate timely submitted a letter of interest.

18. The County admits the allegations of ¶ 21 of the Complaint.

19. The County is without sufficient knowledge or information to either admit or deny the allegations contained in ¶ 22 of the Complaint.

20. In response to the allegations of ¶ 23 of the Complaint, the County admits that Shoate scored 66% on the sergeant's exam, which was less than the required 70% to pass the sergeant's exam and continue through the assessment process, and thus, Shoate did not participate in the oral interview or manager review portion of the assessment process. The County denies all remaining allegations of ¶ 23 of the Complaint.

21. The County denies the allegations of ¶¶ 24-25 of the Complaint.

22. In response to the allegations of ¶ 26 of the Complaint, the County admits that, since Shoate started in MNU in 2008, there has not been an African-American supervisor in MNU. The County denies all remaining allegations of ¶ 26 of the Complaint.

23. The County admits the allegations of ¶¶ 27-29 of the Complaint.

24. In response to the allegations of ¶ 30 of the Complaint, the County admits Capps quit, and MCSD has not hired a new sergeant in MNU. The County denies all remaining allegations of ¶ 30 of the Complaint.

25. The County denies the allegations of ¶ 31 of the Complaint.

26. In response to the allegations of ¶ 32 of the Complaint, the County incorporates its responses to ¶¶ 1-31 of the Complaint as if repeated verbatim herein.

27. The County denies the allegations of ¶¶ 33-34 of the Complaint.

28. The allegations of ¶ 35 of the Complaint are a legal statement to which no response is required, and the County states that the Tennessee Human Rights Act speaks for itself.

29. The County denies the allegations of ¶¶ 36-39 of the Complaint.

30. In response to the allegations of ¶ 40 of the Complaint, the County incorporates its responses to ¶¶ 1-39 of the Complaint as if repeated verbatim herein.

31. The County denies the allegations of ¶ 41 of the Complaint.

32. The allegations of ¶ 42 of the Complaint are a legal statement to which no response is required, and the County states that the Tennessee Human Rights Act speaks for itself.

33. The County denies the allegations of ¶¶ 43-46 of the Complaint.

34. In response to the allegations of ¶ 47 of the Complaint, the County incorporates its responses to ¶¶ 1-46 of the Complaint as if repeated verbatim herein.

35. The allegations of ¶ 48 of the Complaint are a legal statement to which no response is required, and the County states that the Tennessee Human Rights Act speaks for itself.

36. The County denies the allegations of ¶¶ 49-50 of the Complaint.

37. In response to the allegations of ¶ 51 of the Complaint, the County incorporates its responses to ¶¶ 1-50 of the Complaint as if repeated verbatim herein.

38. The allegations of ¶ 52 of the Complaint are a legal statement to which no response is required, and the County states that Title VII speaks for itself.

39. The County denies the allegations of ¶¶ 53-54 of the Complaint.

40. In response to the allegations of ¶ 55 of the Complaint, the County incorporates its responses to ¶¶ 1-54 of the Complaint as if repeated verbatim herein.

41. In response to the allegations of ¶ 56 of the Complaint, the County incorporates its responses to ¶¶ 1-55 of the Complaint as if repeated verbatim herein.

42. The County admits the allegations of ¶¶ 57-59 of the Complaint.

43. The County denies the allegations of ¶¶ 60-65 of the Complaint.

44. In response to the allegations of ¶ 66 of the Complaint, the County incorporates its responses to ¶¶ 1-65 of the Complaint as if repeated verbatim herein.

45. The County denies the allegations of ¶¶ 67-69 of the Complaint.

46. The County denies that Shoate is entitled to any of the relief sought in his prayer for relief section.

47. Any specific allegation of the Complaint not previously admitted or denied is hereby generally denied, the same as if specifically denied.

## THIRD DEFENSE

Shoate's § 1981 discrimination claim should be dismissed because the County, a governmental entity, is not subject to § 1981 claims.

## FOURTH DEFENSE

Shoate's race discrimination claim under Title VII, § 1981, and the THRA fails because Shoate cannot establish a prima facie case for discrimination since Shoate was not qualified for the position at issue and he cannot establish more favorable treatment of a similarly situated co-worker.

**FIFTH DEFENSE**

Shoate's race discrimination claim under Title VII, § 1981, and the THRA further fails because the County had a legitimate, nondiscriminatory reason for its actions by selecting a more qualified candidate.

**SIXTH DEFENSE**

The Court should dismiss Shoate's Title VII retaliation claim because Shoate failed to exhaust his administrative remedies.

**SEVENTH DEFENSE**

Any discrete acts that occurred before March 19, 2021—300 days before Shoate's January 13, 2022 EEOC Charge—are time-barred.

**EIGHTH DEFENSE**

Shoate's retaliation claims under Title VII and the THRA fail because Shoate cannot establish a prima facie case of retaliation since he has not suffered an adverse action and there is no causal connection between any protected activity and an adverse action.

**NINTH DEFENSE**

Shoate's retaliation claim under Title VII and the THRA further fails because the County had a legitimate, nondiscriminatory reason for its actions by selecting a more qualified candidate and by subsequently not filling the position at issue.

**TENTH DEFENSE**

Shoate's FMLA interference claim fails because the County did not interfere with Shoate's FMLA leave as Shoate received the leave he was entitled to and the County reinstated Shoate to his job once his FMLA leave ended.

**ELEVENTH DEFENSE**

Shoate's FMLA retaliation claim fails because the County did not retaliate against Shoate for taking FMLA leave.

**TWELFTH DEFENSE**

Shoate's FMLA retaliation claim fails because Shoate cannot establish a prima facie case of retaliation since he suffered no adverse action due to his FMLA leave and there is no causal connection between his taking FMLA leave and any adverse action.

**THIRTEENTH DEFENSE**

Shoate's FMLA interference and retaliation claims further fail because the County had a legitimate, nondiscriminatory reason for its actions by selecting a more qualified candidate and by subsequently not filling the position at issue.

**FOURTEENTH DEFENSE**

Any employment actions taken with respect to Shoate's employment were based on legitimate, nondiscriminatory reasons and not because of any illegal discrimination or retaliation.

**FIFTEENTH DEFENSE**

To the extent that Shoate's claims are based on any acts that occurred outside any applicable statute of limitations, Shoate's claims are time-barred.

**SIXTEENTH DEFENSE**

To the extent Shoate failed to mitigate his alleged damages, Shoate's recovery, if any, must be reduced accordingly. Should Shoate be awarded any compensatory damages, such damages must be capped pursuant to the Civil Rights Act of 1991.

**SEVENTEENTH DEFENSE**

The County acknowledges Shoate's demand for a trial by jury and relies on the demand only to the extent that Shoate is entitled to a jury trial on the causes set forth in his Complaint.

## EIGHTEENTH DEFENSE

Should the County be found in violation of any provision of the Family and Medical Leave Act, such violation(s) was not willful; therefore, Shoate is not entitled to any liquidated damages as defined by the Act.

## NINETEENTH DEFENSE

Shoate has failed to bring any of his claims under the Tennessee Human Rights Act within the applicable statute of limitations as, under Tennessee law, his filing of his charge of discrimination with the EEOC did not toll the THRA's one-year statute of limitations. Therefore, all of Shoate's THRA claims should be dismissed with prejudice.

## TWENTIETH DEFENSE

Should discovery reveal facts and evidence different from what the County has had time to analyze before filing this Answer, the County reserves the right to ask the Court for leave to amend this Answer to conform to such facts and evidence.

    Respectfully submitted,

    RAINEY, KIZER, REVIERE & BELL, P.L.C.

    BY:   s/Matthew R. Courtner
         MATTHEW R. COURTNER, BPR #29113
         GEOFFREY A. LINDLEY, BPR #21574
         209 East Main Street
         P.O. Box 1147
         Jackson, Tennessee 38302-1147
         (731) 423-2414
         mcourtner@raineykizer.com
         glindley@rainerykizer.com
         *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      The undersigned do hereby certify that a true and correct copy of the foregoing has been served upon all interested parties via electronic mail, through the Court's ECF system, or by U.S. Mail.

Heather Moore Collins
Ashley Shoemaker Walter
Caroline Drinnon
HMC Civil Rights Law, PLLC
7000 Executive Center Dr., Ste. 320
Brentwood, TN 37027
(615) 724-1996
heather@hmccivilrights.com
caroline@hmccivilrights.com
Ashley@hmccivilrights.com

*Attorneys for Plaintiff*

      On this the 13th day of January 2023.

                                                                            s/Matthew R. Courtner